**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 96-41126
Summary Calendar

MCKINLEY DARDEN,

Plaintiff-Appellant,

VERSUS

JOHN H. DALTON,

Defendant-Appeleee.

Appeal from the United States District Court
For the Southern District of Texas

(C-96-CV-421)

June 18, 1997

Before WISDOM, KING, and SMITH, Circuit Judges.

PER CURIAM:[*]

McKinley Darden filed a <u>pro</u> <u>se</u> suit against Secretary of the Navy John H. Dalton under 28 U.S.C. § 1332 and the Administrative Procedures Act (APA)[1] challenging the award of a contract for cleaning services to a competing bidder. Darden alleged that the competing bid of $787,519.70 was unreasonably low and that his

[*]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

[1]     5 U.S.C. § 702 et seq.

bid of $1,006,545.20 should have been considered the most advantageous bid for the Government because it was closest to the Government's own cost estimate of $1,455,504.91. He alleged that, in awarding the contract, the Government did not follow the proper contracting procedures outlined in the Federal Acquisition Regulations Systems,[2] and that the selection of the lowest bidder was arbitrary and capricious.

After conducting an initial pretrial conference the district court dismissed the action for failure to state a claim for which relief may be granted.[3] The district court found that Darden failed to allege that the "procurement official's decision had no rational basis, or that the procurement procedure involved a clear and prejudicial violation of applicable statutes or regulations." Further, the district court noted that Darden stipulated at the pretrial conference that his complaint was not based on fraud or "bad faith." Darden timely noticed his appeal. We now affirm.

A district court may dismiss a complaint for failure to state a claim upon its own motion.[4] A Rule 12(b)(6) dismissal is appropriate only if it appears beyond doubt that the plaintiff

---

[2]    48 C.F.R. § 14.407-2 (1996).

[3]    Fed. R. Civ. P. 12(b)(6).

[4]    Guthrie v. Tifco Indus., 941 F.2d 374, 379 (5th Cir. 1991); Shawnee Int'l, N.V. v. Hondo Drilling Co., 742 F.2d 234, 236 (5th Cir. 1984).

can prove no set of facts in support of his claim which would entitle him to relief.[5]  Although this court takes a complaint's allegations as true, it does not assume facts not alleged.[6]  A plaintiff challenging a contract-award decision must demonstrate that "(1) the procurement official's decision on matters committed primarily to his own discretion had no rational basis; or (2) the procurement procedure involved a clear and prejudicial violation of applicable statutes or regulations."[7]

Darden argues that the Government failed to follow "proper contracting procedures" contained in § 14.408-2.  He argues that under § 15.805-2 the Government was compelled to award the contract to his firm.

Section 14.408-2(a) provides in pertinent part:

[t]he contracting officer shall determine that a prospective contractor is responsible (see Subpart 9.1) and that the prices offered are reasonable before awarding the contract.  The price analysis techniques in 15.805-2 may be used as guidelines.  In each case the determination shall be made in the light of all prevailing circumstances. . . . [emphasis added]

Section 15.805-2 provides in pertinent part:

[t]he contracting officer is responsible for selecting and using whatever price analysis techniques will ensure a fair and reasonable price.  One or more of the

---

[5]  McCormack v. National Collegiate Athletic Ass'n, 845 F.2d 1338, 1343 (5th Cir. 1988) (internal quotation and citation omitted).

[6]  Id.

[7]  Kinnett Dairies, Inc. v. Farrow, 580 F.2d 1260, 1271 (5th Cir. 1978).

3

following techniques may be used to perform price analysis:

***

(e) Comparison of proposed prices with independent Government cost estimates.

Title 4 of the Code of Federal Regulations, § 21.0 et seq., details the procedures for filing a bid protest with the General Accounting Office. Section 21.5(c) provides that "an affirmative determination of responsibility will not be reviewed absent a showing of bad faith on the part of government officials or that definitive responsibility criteria in the solicitation were not met."

Darden's assertions are without merit. Darden cannot challenge the affirmative determination of responsibility under 4 C.F.R. § 21.5(c) because, as he conceded in the pretrial conference, his claim was not based on fraud or bad faith. Further, the Federal Acquisition Regulations Systems instruct that a contract award will be made to a "responsible bidder whose bid, conforming to the invitation for bids, will be most advantageous to the Government, considering only price and the price-related factors included in the invitation." Although § 15.805-2 illustrates techniques for ensuring a fair and reasonable price, the regulations instruct that the techniques may be used as a guideline. Further, Darden ignores § 15.805-2(a), also listed as a technique for determining a fair and

4

reasonable price, which states that a fair and reasonable price may be determined by, "[c]omparison of proposed prices received in response to the solicitation." Darden concedes that his bid, although arguably close to the Government's cost analysis, was the twelfth low bid.

Under § 15.805-2(e), the Government was permitted to compare the proposed prices received in response to the solicitation for bids. The language of the provision does not, however, mandate that the Government must accept the bid most closely aligned with the Government's cost estimate if other bids are lower. Rather, § 14.101(e) instructs that contract award will be made to the bid that is most advantageous to the Government "considering only price and the price related factors". Therefore, considering only price, the Government received 11 bids more advantageous than Darden's bid. Darden has failed to allege any facts to show that the Government's refusal to award the contract to his firm was arbitrary, capricious, or in violation of the applicable regulations.

**AFFIRMED.**